UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JENNIFER A. ALPERT,

        Petitioner,

v.                                              Case No. 5:05-cv-253-Oc-10GRJ

HARLEY LAPPIN, et al.,

        Respondents.

## ORDER OF DISMISSAL

This case is before the Court on Petitioner's Motion for Preliminary Injunction And/Or Temporary Restraining Order (Doc. 2). Petitioner presently is an inmate at F.C.C. Coleman Women's Camp pursuant to a sentence of imprisonment imposed in the Middle District of Florida, Tampa Division.[1] Petitioner's Motion seeks to enjoin the Bureau of Prisons from terminating its Intensive Confinement Centers (Boot Camp) program and thereby preventing Petitioner from participating in the program and potentially shortening her sentence. The Motion asserts that the Bureau of Prisons' termination of the Boot Camp program violated the Ex Post Facto and Equal Protection clauses of the United States Constitution as well as the Administrative Procedure Act. Pursuant to the Court's Order (Doc. 8), the Respondents have filed a response in which they assert, *inter alia*, that Petitioner lacks standing to challenge

---

[1] Petitioner initially filed her Motion in the Tampa Division where she was sentenced, and the case was transferred to this Court as a Petition for a Writ of Habeas Corpus.

the termination of the Boot Camp program.  For the reasons set forth in this Order, the Court agrees that the Petitioner lacks standing to assert the claims raised in this case, and therefore the case must be dismissed for lack of jurisdiction.

## **Standing**

In order to invoke the jurisdiction of the federal court a Petitioner must satisfy the threshold requirements imposed by Article III of the Constitution by alleging a live case or controversy.[2]  To meet this requirement, Petitioner must show that she:

> (1) [H]as suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[3]

A Petitioner must show all three of these elements in order to establish Article III standing.[4]  Moreover, to establish the "injury in fact" element of the standing test, a Petitioner must show "more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured. . . . The [Petitioner] must be 'directly' affected apart from her 'special interest in the subject.'"[5] Additionally, when a Petitioner seeks injunctive or declaratory relief she also "must prove not only an

---

[2] City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).

[3] Koziara v. City of Casselberry, 392 F.3d 1302, 1304-05 (11th Cir. 2004) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 180-81 (2000)).

[4] Id. (citation omitted).

[5] Id. (citation omitted).

injury, but also a 'a real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement."[6]

### **The Boot Camp Program And Petitioner's Sentence**

The Boot Camp program at issue in this case was authorized by statute in 1990.[7] The statute authorizes the Bureau of Prisons to place in the program inmates whose sentences are more than 12 but not more than 30 months.[8] Pursuant to Bureau of Prisons regulations, successful completion of the Boot Camp program, which includes military-type basic training and other job and educational programs, could entitle an inmate to early release consideration.[9] Placement in the Boot Camp program is within the "sound correctional judgment" of the Bureau of Prisons and depends upon the "availability of Bureau resources."[10] The parties agree that in January 2005 the Bureau of Prisons announced that it was terminating the Boot Camp program due to asserted budgetary pressures.

Petitioner's three 46-month concurrent sentences were imposed in December 2003, and the Bureau of Prison records submitted with the Response reflect that she began serving her sentences on January 6, 2004. The Bureau of Prison records

---

[6] Id. (citation and internal quotations omitted).

[7] See 18 U.S.C. § 4046.

[8] Id. § 4046(a).

[9] See 28 C.F.R. §§ 524.30-524.33 (2004).

[10] 28 C.F.R. § 524.31(b).

also show that Petitioner has a predicted good-conduct release date in May 2007. The judgment of the sentencing court reflects that the court recommended Petitioner for the Boot Camp program. However, Petitioner was not at the time of sentencing immediately eligible to seek admission to the Boot Camp program because her sentence exceeded the 30-month maximum prescribed by statute.[11] The Bureau of Prison records submitted with the Response show that Petitioner inquired about the Boot Camp program during her Unit Team progress reviews and was advised to request admission to the program when she was 24 months away from her predicted May 2007 release date, or May 2005. At that point, Petitioner would have been within the 12-to-30 month range prescribed by statute for eligibility in the Boot Camp program.

    The record thus shows that at the time the Bureau of Prisons announced that it was terminating the Boot Camp program, in January 2005, the Petitioner did not yet meet the sentence-eligibility requirements of the program, had not been allowed to formally request admission into the program, and had not been accepted into the program. Although Petitioner had a "cognizable interest" in the Boot Camp program, the decision to terminate the program did not directly affect her such that she suffered an injury-in-fact because she was not at that time eligible for the program.[12] Even if she had met the length-of-sentence requirement at that time such that she

---

[11] See 18 U.S.C. § 4046(a).

[12] See Koziara, 392 F. 3d at 1305.

arguably suffered an injury in fact when the program was terminated, her future acceptance into the program is within the discretion of the Bureau of Prisons and thus the threat of future injury would be too speculative to find Article III standing to seek the prospective relief requested in Petitioner's Motion.[13]

The Petitioner relies on Castellini v. Lappin,[14] a case from another district in which the sentencing court recently granted injunctive relief to a prisoner in connection with the termination of the Boot Camp program. The court's docket in Castellini reflects that the case has now been dismissed, and accordingly it has no precedential value. In any event, standing was not an issue in that case because Castellini met all of the eligibility requirements for the Boot Camp program at the time he was to begin serving his sentence.[15]

Because the Petitioner lacks standing to assert the claims made in the instant Motion, it is unnecessary to address the merits of those claims. The Court notes that the Petitioner has raised these issues in connection with her pending 28 U.S.C. § 2255 motion, and the Court expresses no opinion concerning the availability of

---

[13] See Johnson v. Bd. of Regents, 263 F.3d 1234, 1265-66 (11th Cir. 2001).

[14] 365 F. Supp. 2d 197, 199, 206 (D. Mass 2005).

[15] The sentencing court had found that Castellini, who received a 21-month sentence, met the eligibility qualifications for the Boot Camp program and had recommended that Castellini be allowed to self-report to the program; the program was terminated just prior to Castellini's report date. Id.

relief to Petitioner in the sentencing court.[16]

## Conclusion

Because the Petitioner does not meet the constitutional requirements for standing under Article III, this case is **DISMISSED with prejudice** for lack of jurisdiction. The Clerk is directed to enter judgment dismissing the petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, this 5th day of July 2005.

_____
UNITED STATES DISTRICT JUDGE

c:  Jennifer Alpert
    Respondents

---

[16] See United States v. Coleman, 2005 WL 233825 (D. Conn. Jan. 25, 2005) (unpublished) (granting relief under under 28 U.S.C. § 2255; the sentencing court explained that it had departed downward from the guideline sentencing range in order to make the defendant eligible for the Boot Camp program, with the understanding that the defendant would serve only 6 months' incarceration); Scott v. United States, 2005 WL 1278227 (W.D. Mo. 2005) (denying relief under 28 U.S.C. § 2255 where defendant had received a 46-month sentence and placement in Boot Camp program was within Bureau of Prisons' discretion).